1  CHADRA NICOLE WAITS
   11906 1st Avenue, #10
2  Hesperia, CA 92345
   (760) 662-0764
3  No Fax
   No Email
4

FILED
2017 SEP -6  PM 2:03
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY_____

5  CHADRA NICOLE WAITS, IN PRO PER

           UNITED STATES DISTRICT COURT

           CENTRAL DISTRICT OF CALIFORNIA

GINO RIPOLY                              )  Case No.: ED CV17-01807 SP
                                         )
              Plaintiff(s),              )  NOTICE OF REMOVAL UNDER 28 U.S.C.
                                         )  1332, 1391, 1441 (a) and 1446
     vs.                                 )
                                         )  SUPERIOR COURT OF CALIFORNIA
CHADRA NICOLE WAITS AND DOES 1 TO        )  CASE NO. UDBS1701901
10,                                      )
                                         )
              Defendant(s).              )
                                         )
                                         )
                                         )
                                         )

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

   Pursuant to 28 U.S.C. 1332, 1391, 1441 (a) and 1446, the Defendant, CHADRA NICOLE WAITS, Pro Se, files this Notice of Removal of this case from the Superior Court of California, County of San Bernardino, to the United States District Court for the Central District of California. In support of this Notice of Removal, Defendant states as follows:

           **CASE BACKGROUND AND FOUNDATION FOR REMOVAL**

1. On or about August 4, 2017, Plaintiff commenced an action in the Superior Court of California, in San Bernardino County against the Defendant/Cross Plaintiff. Defendant/Cross Plaintiff currently has a pending Complaint filed against the Plaintiff for Various Violations of the California Civil Code, Declaratory Relief, and/or Intentional Misrepresentation and other causes of action against the Plaintiff of this case.

2. Defendant/Counter Plaintiffs presently seek judgment against Plaintiff for injuries that Defendant/Counter Plaintiffs allegedly suffered as a result of various violations under the Fair Debt Collection Practices Act. Defendant/Counter Plaintiff's claims against Plaintiff are based on Plaintiff's alleged misrepresentation of the amount of debt due, and their own fraudulent actions.

3. True and correct copies of the Summons, Complaint and other pleadings or orders are Attached as Exhibit "A" and incorporated by reference.

4. This Court has original jurisdiction over the matter pursuant to 28 U.S.C. 1331. Further, this matter is one that may be removed to this Court pursuant to 28 U.S.C. 1441 because it is a civil action based upon the Federal Debt Collection Practices Act.

5. Venue is proper in this Court because the State Court Action is pending in the Superior Court of California, San Bernardino County. See 28 U.S.C. 1441 (a).

**COMPLETE DIVERSITY OF CITIZENSHIP**

6. There is complete diversity of citizenship between the parties.
   a) Plaintiff is incorporated in a state other than California and their principal places of business are located in states other than California. Thus, Plaintiff is not a citizen of California.
   b) Defendant/Counter Plaintiff is a citizen of California, residing in San Bernardino County.

**AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

7. Plaintiff does not quantify the amount of damages they seek to recover in this case. See complaint, Prayers for Relief. From the face of the Complaint, however, it is apparent that the amount in controversy more likely than not exceeds $75,000.00, exclusive of interest and costs.

8. "The amount in controversy is ordinarily determined by the allegations of the Complaint, or, where they are not dispositive, by the allegations in the Notice of Removal". See *Laughlin v. Kmart Corp.*, 50F.3d 871, 873 (10th Cir.), cert denied, 516 U.S. 863 (1995).

9. When the plaintiff's damages are unquantified in the Complaint, the amount in Controversy can be established by allegations in the Removal Notice by reference to allegations on the face of the Complaint. *Cv. Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir 2001). More specifically, the amount in controversy requirement can be satisfied by showing that it is facially apparent from the Complaint that the claims more likely than not exceed $75,000.00. See *Allen v. R&H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); Accord *Singer v. State Farm Mutual Automobile Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); See also *Gilmer v. The Walt Disney Co., ET all.*, 915 F. Supp. 1001, 1007 (W.D. Ark 1996).

10. Here, the amount in controversy more like than not exceeds $75,000.00 based on Plaintiff's claims, their alleged injuries and the recovery sought.

11. Defendant/Counter Plaintiff denies the allegations in the Complaint. Taking those allegations on their face as true, however, as this Court must do for the purpose of determining the propriety of removal, it is clear that Plaintiff's claims, as evidenced by the documents attached hereto as Exhibit "A" demonstrate an amount in controversy in excess of $75,000.00

12. Given the complete diversity of the real parties and an amount in the controversy in excess of $75,000.00, this Court has jurisdiction over the causes of action and claims asserted in the State Court Action pursuant to 28 U.S.C. 1332, and this action properly is removable pursuant to 28 U.S.C. 1441.

13. Diversity jurisdiction further exists in this case based on the following:

    A. The Plaintiff, GINO RIPOLY, and/or its Successors and/or Assignees in Interest, cannot state a claim for return of, damages to or diminution in volume of assets it does not own, or can prove ownership.

B. Based on its lack of ownership of the subject property, the Plaintiff, GINO RIPOLY, and/or its Successors and/or Assignees in Interest, has no standing to bring the claims set forth in their Complaint or Motion.

C. Due to the fact that the Plaintiff, GINO RIPOLY, and/or its Successors and/or Assignees in Interest, cannot state a claim upon which relief may be granted, the only proper parties to this action are the Defendant/Cross Plaintiff.

14. If the party with no standing is disregarded, this Court has original jurisdiction over the action pursuant to 28 U.S.C. 1332, and this case may be removed to this Court pursuant to U.S.C. 1441 (a).

**OTHER ISSUES**

15. This Notice of Removal is timely filed. See 28 U.S.C. 1446(b).

16. This Notice of Removal has been served on Plaintiff's counsel. A Notice of Filing of Notice of Removal to Federal Court (attached as Exhibit "A") will be filed in the Superior Court of California, County of San Bernardino, as soon as this Notice of Removal has been filed in this Court.

17. A Copy of the complete record maintained by the Clerk of the Superior Court, County of San Bernardino, California is attached to this Notice of Removal as Exhibit "A".

**CONCLUSION**

Because Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. 1332. Defendant is therefore entitled to remove this case to this Court pursuant to 28 U.S.C. 1441.

Wherefore, Defendant requests that the action now pending before the Superior Court of California, County of San Bernardino, Civil Action No. UDBS1701901, be removed to this Court.

DATED: September 6, 2017

_Chadra Waits_
CHADRA NICOLE WAITS
In Pro Per

# Exhibit "A"

COMPLAINT REMOVING TO FEDERAL COURT

**SUMMONS**
**(CITACION JUDICIAL)**
UNLAWFUL DETAINER—EVICTION
(RETENCION ILICITA DE UN INMUEBLE—DESALOJO)

SUM-130

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
BARSTOW DISTRICT

AUG 0 4 2017

BY _Laquita Johnson_
LAQUITA JOHNSON, DEPUTY

NOTICE TO DEFENDANT: Alexandra Nicole Wyatt
(AVISO AL DEMANDADO):
DOES 1 to 10

YOU ARE BEING SUED BY PLAINTIFF: Gino Ripoly
(LO ESTÁ DEMANDANDO EL DEMANDANTE):

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. [...]

1. The name and address of the court is: CASE NUMBER: (Número del Caso)
(El nombre y dirección de la corte es):
San Bernardino County Superior Court
235 East Mountain View Street — Barstow, Calif. 92311

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

Gino Ripoly    (760) 245-8532
P.O. Box 1095 — Victorville, CA 92393

3. (Must be answered in all cases) An unlawful detainer assistant (Bus. & Prof. Code, §§ 6400–6415) [ ] did not [X] did for compensation give advice or assistance with this form. (If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)

Date: AUG 0 4 2017    Clerk, by Laquita Johnson, Deputy
(Fecha)    (Secretario)    (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

4. NOTICE TO THE PERSON SERVED: You are served
   a. [X] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of (specify):
   c. [ ] as an occupant
   d. [ ] on behalf of (specify):
        under [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
              [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
              [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
              [ ] CCP 415.46 (occupant)         [ ] other (specify):

5. [X] by personal delivery on (date): 8/7/17

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. July 1, 2009]

SUMMONS—UNLAWFUL DETAINER—EVICTION

Code of Civil Procedure, §§ 412.20, 415.456, 1167
www.courtinfo.ca.gov

Page 1 of 2

|  |  | UD-100 |
|---|---|---|

**ATTORNEY OR PARTY WITHOUT ATTORNEY**
Gino Ripoly
P.O. Box 1095 — Victorville, CA 92393
TELEPHONE NO: (760) 245-6552     FAX NO:
E-MAIL ADDRESS:
ATTORNEY FOR: In Pro Per

**FOR COURT USE ONLY**

17-232

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino**
STREET ADDRESS: 235 East Mountain View Street
MAILING ADDRESS: 235 East Mountain View Street
CITY AND ZIP CODE: Barstow, Calif. 92311
BRANCH NAME: Barstow

PLAINTIFF: Gino Ripoly

DEFENDANT: Chadra Nicole Waits,

[X] DOES 1 TO 10

**COMPLAINT--Unlawful Detainer**
[X] COMPLAINT    [ ] AMENDED COMPLAINT (Number)

CASE NUMBER:
UDBS- 1701901

**Jurisdiction** (check all that apply):
[X] ACTION IS A LIMITED CIVIL CASE
    Amount Demanded  [X] does not exceed $10,000
                              [ ] exceeds $10,000, but does not exceed $25,000
[ ] ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint (check all that apply):
    [ ] from unlawful detainer to general unlimited civil (possession not in issue)   [ ] from limited to unlimited
    [ ] from unlawful detainer to general limited civil (possession not in issue)   [ ] from unlimited to limited

1. PLAINTIFF (names): Gino Ripoly

   alleges causes of action against DEFENDANT (names): Chadra Nicole Waits,

2. a. Plaintiff is (1) [X] an individual over the age of 18 years   (4) [ ] a partnership
           (2) [ ] a public agency   (5) [ ] a corporation
           (3) [ ] other (specify):
   b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of (specify):

3. Defendants named above are in possession of the premises located at (street address, apt. no., city, zip code, and county):
   11906 First (1st) Ave., apt. #10
   Hesperia, CA 92345
   San Bernardino

4. Plaintiff's interest in the premises is [X] as owner   [ ] other (specify):

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

6. a. On or about (date): 3/31/2016   defendants (names): Chadra Nicole Waits

   (1) agreed to rent the premises for a   [X] month-to-month tenancy   [ ] other tenancy (specify):
   (2) agreed to pay rent of   $675.00   payable [X] monthly   [ ] other (specify frequency):
   The rent is due on the   [X] first of the month   [ ] other day (specify):

   b. This [X] written   [ ] oral agreement was made with
     (1) [ ] plaintiff   (3) [ ] plaintiff's predecessor in interest
     (2) [X] plaintiff's agent   (4) [ ] other (specify):

*NOTE: Do not use this form for evictions after sale (Code Civ. Proc., ~ 1161a).

Page 1 of 3

**COMPLAINT-- UNLAWFUL DETAINER**

UD-100 [Rev. July 1, 2005]

| PLAINTIFF: Ripoy | CASE NUMBER: |
|---|---|
| DEFENDANT: Waits | |

6. c. [X] The defendants not named in item 6a are:
   (1) [ ] subtenants
   (2) [ ] assignees
   (3) [X] other (specify): unknown adult occupants.

   d. [X] The agreement was later changed as follows (specify):
      rent increased to $725.00 per month
      effective July 1, 2017

   e. [X] A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. (Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)

   f. [ ] (For residential property.) A copy of the written agreement is NOT attached because (specify reason):
      (1) [ ] the written agreement is not in the possession of the landlord or the landlord's employees or agent.
      (2) [ ] this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. [X] a. Defendants (names): Chadra Nicole Waits

   were served the following notice on the same date and in the same manner:
   (1) [X] 3-day notice to pay rent or quit      (4) [ ] 3-day notice to perform covenants or quit
   (2) [ ] 30-day notice to quit                  (5) [ ] 3-day notice to quit
   (3) [ ] 60-day notice to quit                  (6) [ ] other (specify):

   b. (1) On (date): 7/13/2017 the period stated in the notice expired at the end of the day.
      (2) Defendants failed to comply with the requirements of the notice by that date.

   c. All facts stated in the notice are true.

   d. [X] The notice included an election of forfeiture.

   e. [X] A copy of the notice is attached and labeled Exhibit 2. (Required for residential property. See Code Civ. Proc., § 1166.)

   f. [ ] One or more defendants was served (1) with a different notice, or (2) on a different date, or (3) in a different manner, as stated in attachment 7f. (Check item 8c and attach a statement providing the information required by items 7a-e and 8 for each defendant.)

8. a. [X] The notice in item 7a was served on the defendants named in item 7a as follows:
   (1) [ ] by personally handing a copy to the defendant on (date):
   (2) [ ] by leaving a copy with (name or description):
          a person of suitable age and discretion, on (date): at defendant's [ ] residence [ ] business
          AND mailing a copy to defendant at defendant's place of residence on (date):
          because defendant cannot be found at defendant's residence or usual place of business.
   (3) [X] by posting a copy on the premises on (date): 7/10/2017 ( [ ] and giving a copy to a person found residing at the premises) AND mailing a copy to defendant at the premises on (date): 7/10/2017
          (a) [ ] because defendant's residence and usual place of business cannot be ascertained OR
          (b) [X] because no person of suitable age or discretion can be found there.
   (4) [ ] (not for 3-day notice; see Civil Code section 1946 before using) by sending a copy by certified or registered mail addressed to defendant on (date):
   (5) [ ] (not for residential tenancies; see Civil Code section 1953 before using) in the manner specified in a written commercial lease between the parties.

   b. [ ] (Name): was served on behalf of all defendants who signed a joint written rental agreement.

   c. [ ] Information about service of notice on defendants named in item 7f is stated in attachment 8c.

   d. [X] Proof of service of the notice in item 7a is attached and labeled Exhibit 3.

| PLAINTIFF | Ripoly | | |
|---|---|---|---|
| DEFENDANT | Ware | | |

1. [ ] Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.
10. [X] At the time the 3-day notice to pay rent or quit was served, the amount of rent due was $739.00
11. [X] The fair rental value of the premises is $24.16 per day.
12. [ ] Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under...
13. [X] A written agreement between the parties provides for attorney fees. para. 40
14. [ ] Defendant's tenancy is subject to the local rent control or eviction control ordinance of (city or county, title of ordinance, and date of passage):

15. [ ] Other allegations are stated in attachment 15.
16. Plaintiff accepts the jurisdictional limit, if any, of the court.

17. **PLAINTIFF REQUESTS**
   a. [ ] possession of the premises.
   b. [ ] costs incurred in this proceeding.
   c. [X] past due rent of $739.00
   d. [X] reasonable attorney fees.
   e. [X] forfeiture of the agreement.
   f. [X] damages at the rate stated in item 11 from (date): 8/1/2017 for each day defendants remains in possession through entry of judgment.
   g. [ ] statutory damages up to $600 for the conduct alleged in item 12.
   h. [ ] other (specify):

18. [X] Number of pages attached (specify): 6

**UNLAWFUL DETAINER ASSISTANT (Bus. and Prof. Code, §§ 6400-6415)**

19. (Complete in all cases.) An unlawful detainer assistant [ ] did not [X] did for compensation give advice or assistance with this form. (If plaintiff has received any help or advice for pay from an unlawful detainer assistant, state:)

   a. Assistant's name: Action Eviction Service
   b. Street address, city, and zip code: 14369 Park Ave. #101B Victorville, California 92392
   c. Telephone No.: (760) 245-8532
   d. County of Registration: San Bernardino
   e. Registration No.: 47
   f. Expires on (date): 07 / 2018

Date: 8/4/2017

Gino Ripoly
(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**

(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 8/4/2017

Gino Ripoly
(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF)

UD-100 [Rev. July 1, 2005]     COMPLAINT -- UNLAWFUL DETAINER     Page 3 of 3

CHADRA NICOLE WAITS
11906 1st Avenue, #10
Hesperia, CA 92345
(760) 662-0764
No Fax
No Email

CHADRA NICOLE WAITS, IN PRO PER

## SUPERIOR COURT, STATE OF CALIFORNIA
## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| GINO RIPOLY | Case No.: UDBS1701901 |
| Plaintiff(s), | **DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL TO FEDERAL COURT** |
| vs. | |
| CHADRA NICOLE WAITS AND DOES 1 TO 10, | |
| Defendant(s). | |

TO: THE CLERK OF THE ABOVE-ENTILED COURT, AND COUNSEL OF RECORD

PLEASE TAKE NOTICE that defendant, CHADRA NICOLE WAITS, today filed in the office of clerk of the United States District court for the Central District of California, a Notice and Petition removing the above-captioned pending action to The united states District Court.

FEDERAL CASE# ED CV17-01807 SP

Pursuant to 28 U.S.C. 1446(d), the filing of The Petition for Removal with the clerk of the District Court together with giving of this notice "**shall effect the removal and The State Court shall proceed no further unless and until the case is remanded**" by the United States Court for The Central District of California.

Dated: September 6, 2017        BY: _Chadra Waits_

CHADRA NICOLE WAITS, In Pro Per

- 6 -
COMPLAINT REMOVING TO FEDERAL COURT

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that on 09/06/2017, he served a copy of

**NOTICE OF REMOVAL**

By placing said copy in an envelope addressed to the person(s) hereinafter named, at the places and address shown below, which are the last known addresses, and mailing said envelope and contents in the U.S. Mail in Hesperia, California.

GINO RIPOLOY

P.O. BOX 1095

VICTORVILLE, CA 92393

*Stacy Portillo*

STACY PORTILLO

COMPLAINT REMOVING TO FEDERAL COURT